UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) FRANCISCO MATEO-MEJIA and<br>(2) SANTO REYNALDO SOTO VILLAR,<br><br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No.  26cr10199<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance<br>(21 U.S.C. § 846)<br><br>Count Two: Unlawful Reentry of Deported Alien<br>(8 U.S.C. §§ 1326(a) and (b)(1))<br><br>Forfeiture Allegation:<br>(21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about January 2026, through on or about June 4, 2026, in Lawrence, in the

District of Massachusetts, and elsewhere, the defendants,

(1) FRANCISCO MATEO-MEJIA and
(2) SANTO REYNALDO SOTO VILLAR,

conspired with each other, and with other persons known and unknown to the Grand Jury, to

knowingly and intentionally distribute and to possess with intent to distribute a controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense involved 400 grams or more of a mixture and substance

1

containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to this Count.

It is further alleged that 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by and are attributable to (1) FRANCISCO MATEO-MEJIA and (2) SANTO REYNALDO SOTO VILLAR. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to (1) FRANCISCO MATEO-MEJIA and (2) SANTO REYNALDO SOTO VILLAR.

All in violation of Title 21, United States Code, Section 846.

Before defendant FRANCISCO MATEO-MEJIA committed the offense charged in this count, the defendant was convicted of violating 18 U.S.C. §§ 846, 841(a)(1) (*see United States v. Francisco Mateo-Mejia, et al.*, Docket No. 1:19-cr-10398-LTS-1 (D. Mass. 2019)), serious drug felonies, for which he served more than 12 months of imprisonment. Further, FRANCISCO MATEO-MEJIA was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

2

<u>COUNT TWO</u>
Unlawful Reentry of Deported Alien
(8 U.S.C. §§ 1326(a) and (b)(1))

The Grand Jury further charges:

On or about June 4, 2026, in Lawrence, in the District of Massachusetts, the defendant,

(1) FRANCISCO MATEO-MEJIA,

being an alien and having been excluded, removed, and deported from the United States on or about August 3, 2021, was found in the United States without having received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

All in violation of Title 8, United States Code, Sections 1326(a) and (b)(1), and Title 6, United States Code, Sections 202(3) and (4), and 557.

3

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

1.      Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

(1) FRANCISCO MATEO-MEJIA and
(2) SANTO REYNALDO SOTO VILLAR,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants—

  a.   cannot be located upon the exercise of due diligence;

  b.   has been transferred or sold to, or deposited with, a third party;

  c.   has been placed beyond the jurisdiction of the Court;

  d.   has been substantially diminished in value; or

  e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

4

A TRUE BILL

███████████████████
FOREPERSON


AMANDA BECK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS


District of Massachusetts: July __9th__ , 2026
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo
DEPUTY CLERK
at 1:07 PM

5